IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| C.B & T.M., individually and on behalf of N. M., a minor, | ) ) ) ) | Docket No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| The Johnston Community School District & the Heartland Area Education Agency, | ) ) ) ) | COMPLAINT |
| Defendants. | ) ) ) | |

COME NOW the undersigned attorneys and hereby appear as co-counsel for the Plaintiffs. For cause of action against the Defendants, the Plaintiffs state:

1. Jurisdiction. This action is filed pursuant to 20 U.S.C. § 1415(i)(2)(A), which states that "[a]ny party aggrieved" by the decision in a special education due process proceeding "shall have the right to bring a civil action ." Pursuant to 20 U.S.C. § 1415(i)(3)(A), "[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."

2. The Plaintiffs. The Plaintiffs are parties aggrieved by the decision rendered by Administrative Law Judge Carla J. Hamborg on January 22, 2020 in a special education due process proceeding identified as Iowa Department of Education Docket No. SE-504 (DIA No. 20DOESE0001). The case involves the mental health of a minor with disabilities, the full names of the Plaintiffs and their son are well known to the Defendants, and the full names are redacted above to comply with the letter and spirit of Rule 5.1 of the Federal Rules of Civil Procedure.

3. The Defendants. Each of the Defendants is a "local educational agency" within the meaning of 20 U.S.C. § 1401(19). Pursuant to 20 U.S.C. § 1412(a)(1) and related provisions of state law and the federal special education statute, the Defendants had a legal obligation to offer the Plaintiffs' son a "free appropriate public education" during the 2019-2020 academic year.

4. The Primary Issue Asserted Below. An original civil action brought pursuant to 20 U.S.C. § 1415(i)(2)(A) is in the nature of an appeal from an administrative adjudication, and the primary issue litigated in the proceeding below was a request for reimbursement relief for a unilateral parental placement of the Plaintiffs' son in a private school for the 2019-2020 academic year pursuant to 20 U.S.C. § 1412(a)(10)(C)(ii). The cited statute codifies the ruling of the U.S. Supreme Court in *School Committee of the Town of Burlington v. Department of Educ. of Mass.*, 471 U.S. 359 (1985), and the relief sought by the Plaintiffs is sometimes referred to as *Burlington* reimbursement relief.

5. The Primary Factual Assertion Below. The Plaintiffs' son was educated at a small private school during the 2018-2019 academic year, and, pursuant to a legally binding Agreement signed by all parties on August 16, 2018, the Defendants paid $112 per day to the private school for its services to the Plaintiffs' son up to a $20,000 maximum for that academic year. In the due process complaint in the proceedings below, the Plaintiffs alleged that returning their son to the public school setting for the 2019-2020 academic year would likely lead to a serious regression in his mental health and social functioning; more specifically, the Plaintiffs alleged as follows:

> To protect his mental health and to provide him with an education that is appropriate to his needs, [the Plaintiffs' son] needs a smaller educational environment with peers of high academic functioning but with social skills deficits comparable to his own. He needs an educational environment akin to that provided by the [private school].

6. The Primary Ruling in the ALJ's Decision.  In a *Burlington* reimbursement action, the parents must prove that the educational entities who had the responsibility to do so failed to offer a "free appropriate public education" (or FAPE) to their child.  The Administrative Law Judge in the proceedings below concluded that the Defendants' offer to return the Plaintiffs' son to the large public school setting pursuant to a proposed Individualized Education Plan (or IEP) delivered to the parents on May 22, 2019 satisfied the requirement that they offer FAPE to the child.

7. Request that the District Court Receive the Administrative Records.  Pursuant to 20 U.S.C. § 1415(i)(2)(C)(i), the U.S. District Court "shall receive the records of the administrative proceedings."  The Plaintiffs request that the Court receive the records in the proceeding identified as Iowa Department of Education Docket No. SE-504.  The Plaintiffs will file a motion that said records be received under seal after the return of service of summons or the waiver of service of summons.

8. Request that the District Court Hear Additional Evidence.  Pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii), the U.S. District Court "shall hear additional evidence at the request of a party."  The Plaintiffs request that the Court hear additional evidence.  The Plaintiffs will file a motion specifying the additional evidence to be heard, providing solid justification for the hearing of that evidence, and the Plaintiffs will do so after the return of service of summons or the waiver of service of summons.

9. Request that the District Court Adjudicate the Merits of the Plaintiffs' Claim for *Burlington* Reimbursement Relief.  Pursuant to 20 U.S.C. § 1415(i)(2)(C)(iii), the U.S. District Court "shall grant such relief as the court determines is appropriate" and shall base its decision "on the preponderance of the evidence."  The Plaintiffs respectfully request that the Court

adjudicate the merits of their claim for *Burlington* reimbursement relief using the preponderance of the evidence standard. Without limiting the scope of the requested adjudication, the Plaintiffs hereby identify three fundamental flaws in the ALJ's Decision on the FAPE issue:

    a. The ALJ erred by deferring to educators and administrators on questions requiring mental health, not educational, expertise;

    b. The ALJ erred by relying on alleged facts not supported by substantial evidence in the record, including but not limited to the false claim that the Defendants were never given an opportunity to meet the mental health needs of the Plaintiff's son in the large public school setting; in fact, the Defendants were given such an opportunity in the spring of 2018, and the implementation of their educational program was accompanied by a serious deterioration in the young man's mental health and the diagnosis of a major depressive disorder; and/or

    c. The ALJ erred by deferring to a negative inference from hearsay testimony to override the expert testimony of a neuropsychologist who conducted extensive clinical evaluations using scientifically valid instruments and who testified that, to protect his mental health, the Plaintiffs' son "absolutely needs" a smaller school setting.

WHEREFORE, the Plaintiffs request reimbursement for the costs of their son's private school placement during the 2019-2020 academic year; they request an award of attorney fees pursuant to the provisions of 20 U.S.C. § 1415(i)(3)(B), and they request such other or further relief as the Court may deem appropriate.

Respectfully submitted,

*Curt L. Sytsma*　　　　　　　　　　　*Edie Bogaczyk*

Curt L. Sytsma　　　　　　　　　　　　Edie Bogaczyk

Curt L. Sytsma Law Office　　　　　　　Bogaczyk Law Firm, PLLC
1961 Arlington Avenue　　　　　　　　 15130 Holcomb Avenue
Des Moines, Iowa  50314　　　　　　　 Clive, Iowa  50325
515-282-2747　　　　　　　　　　　　 515-443-9151
CurtSytsma@Yahoo.com　　　　　　　  edie@bogaczyklaw.com